JM:IJ:JG
F.# 2012R00410

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA             Cr. No. 12-439 (JG)

   - against -

ROLAND KAUFMANN and
JEAN-PIERRE NEUHAUS,

         Defendants.

- - - - - - - - - - - - - - - - X

<u>REPLY TO DEFENDANT KAUFMANN'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY</u>

I.  Introduction

The government's proposed protective order is simple and straightforward. It would (a) permit the defendants to use discovery to investigate and prepare their cases; (b) prohibit the defendants from using discovery for other purposes; (c) prohibit certain specific information identifying the undercover agent, a cooperating witness, and certain bank accounts from being included in court filings; and (d) require the defendants to destroy copies of the discovery at the conclusion of the case. In short, it is, as the Court surmised at the arraignment, "a matter of just keeping the discovery within the defense camp."

Despite these straightforward protections, which would in no way interfere with the defendants' investigation of this matter

or preparation for trial, defendant Kaufmann opposes entry of the order. Kaufmann has not proposed any alternative set of protections to which he would agree. Instead, Kaufmann insists that he will only agree to a protective order if the government will agree to Kaufmann's position on a different issue: whether he is entitled to discovery concerning (a) the undercover agent's true identity, (b) the agent's supposed violations of international law and DOJ procedures, and (c) internal DOJ consultations with the Office of International Affairs regarding telephone recordings. In passing, the government notes that the discovery Kaufmann seeks is not relevant to the issues in this case, and the government is not required to turn over such information. But regardless of the merits of his substantive argument regarding the scope of discovery, Kaufmann is putting the cart before the horse by attempting to tie the issue of what he can *do* with discovery to the issue of what discovery he will *receive*. Only the former issue is involved in this motion, and in view of the very manageable requirements imposed by the protective order and the importance of protecting ongoing government investigations, the safety of the undercover agent, and the privacy of unindicted individuals, the Court should enter the government's proposed protective order.

II. Discussion

The good cause required by Fed. R. Crim. P. 16(d)(1) is

amply shown in this case. As described in the government's motion, the government's discovery identifies subjects of other ongoing investigations as well as an undercover agent and a cooperating witness who are also involved in other ongoing investigations. If this discovery were inappropriately disclosed, the subjects of these other investigations could become aware of the investigations and could take steps to destroy evidence or flee. Disclosure would also risk compromising the privacy of individuals who may never be indicted. Finally, a particularized concern exists for the safety of the undercover agent, who, while using the identity he used in this investigation, has come into contact with individuals believed to be involved in violent crime. Contrary to Kaufmann's suggestion, these facts go well beyond mere "conclusory" allegations and more than establish the need for the protective order. Should the Court require additional detail, however, the government is prepared to provide such information in the form of an *ex parte* submission.

Kaufmann also suggests that the protective order is overly broad because it would apply to all discovery materials, rather than those raising particularized confidentiality concerns. In practice, however, the protective order's requirements are readily complied with: in essence, Kaufmann is prohibited from using the discovery for purposes other than investigation and preparation for trial. Given this simply-tailored restriction, the government

should not be put to the burden — and the risk of inadvertent disclosure — involved in marking only certain documents "Confidential."[1]

Because Kaufmann insists that a protective order is only appropriate *if* he receives the discovery he has requested, Kaufmann includes in his opposition an accusation that the undercover agent in this case violated international law and the Attorney General's guidelines regarding undercover operations. Kaufmann makes these charges even though, by his own admission, he lacks the relevant evidence. The government disputes Kaufmann's characterization of the undercover agent's conduct, but will respond to these allegations at the appropriate time, which is not in the context of a protective order.

Finally, Kaufmann suggests that a protective order is unnecessary because he has up to the present refrained from disclosing the name of the undercover agent or the name of his investment firm. This argument merely begs the question of what exactly it is that Kaufmann now wishes to do with the government's discovery that the protective order would prohibit. Kaufmann's refusal to offer a counter-proposal to the government's proposed order obscures any answer to this question, and leaves unknown how

---

[1] Kaufmann also suggests that the protective order would unfairly restrict him from using the discovery in the SEC civil case that has been filed against him. The government intends to move to stay that proceeding shortly.

he would use the discovery beyond what is permissible under the proposed order by which he claims to have abided to date.

In view of the government's demonstrated good cause and the limited nature of the protections embodied in the protective order, the government respectfully requests that the Court enter the proposed order.

Loretta E. Lynch
United States Attorney
Eastern District of New York

By: _____
Ilene Jaroslaw
Assistant United States Attorney
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
Ph: 718-254-6236
ilene.jaroslaw@usdoj.gov

Denis J. McInerney
Chief, Criminal Division, Fraud Section

By: _____
Justin Goodyear
Trial Attorney
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
Ph: 202.307.5797
justin.goodyear@usdoj.gov